**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MICHAEL J. PELAFIGUE** | § | |
| | § | |
| | § | **CIVIL ACTION NO: 2:17-cv-00764** |
| *Plaintiff* | § | |
| | § | |
| **BLUE CROSS BLUE SHIELD OF** | § | |
| **TEXAS INC.** | § | |
| | § | |
| | § | **MAGISTRATE JUDGE HANNA** |
| *Defendant* | § | |
| | § | |

---

### PLAINTIFF'S FIRST AMENDENDING AND SUPPLEMENTAL PETITION

---

NOW COMES Plaintiff, through undersigned counsel, for his Complaint against **BLUE CROSS BLUE SHIELD OF TEXAS INC. AND ENERGY TRANSFER, GP, L.P. LOUISIANA**, who stated in the parties' Joint Rule 26(F) Report [Dkt. 22] that "Plaintiff will amend its Original Pleading if a review of discovery indicates that the same is necessary." Upon review of the available discovery, Plaintiff respectfully represents that it is necessary to amend Plaintiff's Original Petition in the following respects:

1.

Plaintiff reiterates and re-alleges all allegations set forth in his Initial Petition.

2.

Plaintiff names an additional Defendant, as identified in the following paragraph:

Defendant, **ENERGY TRANSFER, GP, L.P. LOUISIANA**, hereinafter referred to as **"ENERGY TRANSFER,"** is a foreign group health plan licensed and authorized to conduct business in the State of Louisiana.

3.

Plaintiff adds, throughout Plaintiff's Initial Petition, the words "and Energy Transfer" after each instance that Defendant **Blue Cross Blue Shield of Texas** is named.

4.

Plaintiff adds the following statement regarding the Standard of Review:

When an ERISA plan lawfully delegates discretionary authority to a plan administrator, a court reviewing the denial of a claim is limited to assessing whether the administrator abused that discretion. For plans that do not have valid delegation clauses, a denial of benefits must be reviewed under a *de novo* standard. The language of the Plan in the instant case purports to afford Defendants discretionary authority in the Plan or policy via its inclusion of a discretionary clause. However, said discretionary clause is expressly prohibited by Tex. Ins, Code § 1701.062(a). Therefore, the instant Plan does not *lawfully* delegate discretionary authority to an administrator, and so the denial of benefits at issue in this claim should be reviewed by this Honorable Court using a *de novo* standard.

5.

Plaintiff clarifies, in the Prayer, that a judgment for all reasonable attorneys' fees incurred and to be incurred in obtaining the relief sought herein and the costs associated with the prosecution of this matter are being prayed for under 29 USCS § 1132(g)(1), in addition to any other law which allows for said fees and costs.

6.

Plaintiff adds the following Cause of Action:

---

## FAILURE TO ESTABLISH AND FOLLOW REASONABLE CLAIMS PROCEDURES
### *Pursuant to 29 CFR § 2560.503-1*

---

I.

29 CFR § 2560.503-1 establishes rules regulating the manner and content of a notification of a benefit determination on review. An insurance administrator must comply with these rules when notifying a claimant regarding the results of a benefit determination on review.

II.

In the case of an adverse benefit determination, 29 CFR § 2560.503-1(j)(5)(iii) requires that the notification set forth the following statement:

"You and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office and your State insurance regulatory agency."

This statement is written in quotation marks within 29 CFR § 2560.503-1(j)(5)(iii). This statement was not contained in any of the adverse benefit determination notifications sent to Plaintiff by Defendants regarding the claim at issue in this suit.

III.

As a result of Defendants' failure to comply with 29 CFR § 2560.503-1(j)(5)(iii), Plaintiff was not properly notified of his benefit dispute resolution options. This deprived Plaintiff of the opportunity to have the claim dispute resolved in his favor.

IV.

With regard to the administrative review of the claim for benefits, Plaintiff contends that Defendants, in reaching their denial of benefits determination, reviewed an administrative record that <u>did</u> contain the entirety of Patient's medical treatment records relating to Patient's condition for which Plaintiff is seeking benefits coverage. The supporting argument for this contention is detailed in Plaintiff's Response to ERISA Case Order [Dkt. 47]. Notably, the purported administrative record currently before this Court [Dkts. 39-41 submitted by Defendants] is incomplete in that it does not contain all of the documents that Defendants reviewed when making their determination; namely, the administrative record currently before this is court is incomplete because it does not contain all of Plaintiff's medical treatment records.

V.

29 CFR § 2560.503-1(g)(iii) requires that a notification of an adverse benefit determination set forth "a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary."

VI.

In the event it is found that Defendants, in reaching their denial of benefits determination, reviewed an administrative record that <u>did not</u> contain all of Patient's medical treatment records, Plaintiff contends that the administrative record reviewed by Defendants should have contained these additional materials so that they could be considered by Defendants prior to making the final benefits determination. These records were known to exist by Defendants and were relevant in that they describe the treatments administered to Patient and the lack of condition improvement derived therefrom. By failing to notify Plaintiff that the administrative record lacked these additional medical records, Defendant violated 29 CFR § 2560.503-1(g)(iii).

VII.

When Defendants found before themselves an administrative record that lacked Patient's prior medical treatment records for the condition in question, and when Defendants were aware of the existence of these records, then the adverse benefits determination notice sent to Plaintiff should have described these missing records, explained why they were necessary, and asked that they be provided so that the administrative record would be sufficient to allow for an adequate assessment of Plaintiff's claim for medical benefits coverage. Evidence of Defendants' knowledge of the existence of said additional records is detailed in Plaintiff's Response to ERISA Case Order [Dkt. 47].

---

## PRAYER

---

**WHEREFORE,** Plaintiff reiterates his prayer set forth in his original petition. In the alternative, Plaintiff prays that this Court remand to the plan administrator to reconsider the claim while adhering to reasonable claims procedures.

**Respectfully Submitted,**

**SUDDUTH & ASSOCIATES, LLC**

Attorneys-at-Law
4216 Lake Street Suite C
Lake Charles, Louisiana 70605
(337) 480 - 0101 (*Telephone*)
(337) 419 - 0507 (*Facsimile*)

**BY:** _____

**JAMES E. SUDDUTH, III, #35340**
**ADRIEN R. LORRAIN #37494**
Attorneys for *Michael J. Pelafigue*

5